**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5261**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

JOSE HERNANDEZ MANSANARES, a/k/a Jose Hernandez Manzanarez, a/k/a Fabian Mansanares, a/k/a Jorge Fabian Manzanares Hernandez,

     Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:05-cr-00986-DCN-1)

Submitted: April 28, 2011       Decided: May 2, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Hernandez Mansanares appeals the eighteen-month sentence of imprisonment imposed by the district court upon revocation of supervised release. The district court ordered the sentence to run consecutive to a fifty-seven month sentence imposed following Mansanares's guilty plea to a separately charged drug offense. On appeal, Mansanares's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her opinion, there are no meritorious issues for appeal. Counsel questions whether the eighteen-month sentence is unreasonable, but concludes that the sentence is reasonable because it is within the proscribed statutory range and based on appropriate considerations. In his pro se supplemental brief, Mansanares asserts that his sentence is excessive. The Government declined to file a brief.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we first consider whether the sentence imposed is unreasonable. Id. at 438. In making this determination, we follow "the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. In this inquiry, we take a more

2

deferential posture concerning issues of fact and the exercise of discretion than reasonableness review of Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum provided by § 3583(e)(3). Moulden, 478 F.3d at 656-57 (4th Cir. 2007); Crudup, 461 F.3d at 439. Moreover, while a district court must provide a statement of the reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The eighteen-month sentence imposed by the district court was within the advisory Guidelines range and the prescribed statutory range. The district court did not abuse its discretion in ordering the sentence to run consecutive to the sentence imposed for Mansanares's other conviction, and the sentence is not unreasonable.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mansanares in writing of his right to petition the Supreme Court of the United States for further review. If Mansanares requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mansanares. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>